No. 4922.

SUCCESSION OF JEAN MARIE SARNIQUET and INTERDICTION OF PHILO-
MENA SARNIQUET. (Consolidated).

In 1867, in opposition to an application of the natural tutrix of Philomena Sarniquet for a sale of property belonging to the succession of Jean Marie Sarniquet, father of said Philomena, Joseph Sarniquet set up, without success, his title as sole legal heir of his deceased brother, said Jean Marie Sarniquet. The issue is therefore, *res judicata*. He can not now revive the question by bringing suit and alleging that Philomena Sarniquet is not the legitimate daughter of Jean Marie Sarniquet and not entitled to his property.

The prescription of ten years' is also pleaded correctly. Phi'omena Sarniquet, now of age, but an idiot, has, through her tutrix, been in possession of the property as heir for twenty years. Hence the prescription of ten years is a complete bar to the action.

APPEAL from the Second District Court, parish of Orleans. *Tissot*, J. *W. E. Murphy* for plaintiff and appellee. *Julien A. Seghers*, for defendants and appellants.

WYLY, J. In 1852, Jean Marie Sarniquet died leaving a small succession and a surviving widow and three minor children.

In December of that year, Mrs. Sarniquet was confirmed as natural tutrix and in that capacity and as widow in community she was put in possession of the property belonging to said succession.

Since then all the children have died except one, Philomena, who is of age, but an idiot, residing in Kentucky, where she was interdicted and John Blackburn appointed her guardian. In 1871, John Blackburn brought suit in the Second District Court praying to be recognized as guardian and to be put in possession of all the property belonging to said tutorship on the ground that said interdicted person is the sole surviving heir of Jean Marie Sarniquet. He also prayed for the sale of the property and for authority to remove the proceeds arising from said sale to Kentucky where he lives and where he was appointed guardian.

This was opposed by Joseph Sarniquet, a brother of the deceased,

on several grounds, and the court sustained the opposition so far as to require the mother of the interdicted person, who was her tutrix, to be made party, which was done. Subsequently, Joseph Sarniquet brought suit, alleging that Philomena Sarniquet was not the legitimate daughter of Jean Marie Sarniquet and is therefere not entitled to the property; he also prayed to be recognized as heir and put in possession, on the ground that he is a brother of the deceased and his sole legal heir.

In bar of this action the tutrix and John Blackburn, guardian, pleaded :

*First—Res judicata.*

*Second*—The prescription of ten years. Pending the issue, Joseph Sarniquet was appointed administrator of the succession of Jean Marie Sarniquet. It was then agreed that the cases should be consolidated and all the issues be tried together. The tutrix and John Blackburn guardian, reserving the benefit of the exception pleaded in bar of Joseph Sarniquet's demand, answered to the merits. The court gave judgment in favor of Joseph Sarniquet recognizing him as sole heir and ordering him to be put in possession. From this judgment the tutrix and John Blackburn have appealed.

We think the court erred in not sustaining the exception pleaded in bar of Joseph Sarniquet's demand.

In 1867, in opposition to an application of the tutrix for a sale of the property in question, he set up, without success, his title as legal heir of his brother, Jean Marie Sarniquet. The issue is *res judicata*. Besides, Philomena Sarniquet, through her tutrix, has been in possession of the property as heir for twenty years. The prescription of ten years is a complete bar to the action.

John Blackburn, guardian, is entitled to the property and should be recognized and put in possession.

It is therefore ordered, that the judgment appealed from be annulled, and it is now ordered, that the demand of Joseph Sarniquet be rejected, and it is ordered that John Blackburn be recognized as guardian of Philomena Sarniquet and that he be put in possession of the property; that he be authorized to sell it according to law and to remove the proceeds and all moneys belonging to said Philomena Sarniquet to Kentucky, where he was appointed guardian.

It is further ordered that Joseph Sarniquet pay costs of this appeal, and also costs of his suit to be recognized as heir, and costs of the application for administration in the court below; the other costs in the court below to be paid out of the funds of Philomena Sarniquet the interdicted person.

Rehearing refused.